**Information to identify the case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Richard Paul Thompson**<br>First Name Middle Name Last Name | Social Security number or ITIN | **xxx−xx−6168** |
| | | EIN | _ _−_ _ _ _ _ _ _ |
| Debtor 2<br>(Spouse, if filing) | **Christine Blouin Thompson**<br>First Name Middle Name Last Name | Social Security number or ITIN | **xxx−xx−4508** |
| | | EIN | _ _−_ _ _ _ _ _ _ |

United States Bankruptcy Court **District of Massachusetts**

Case number: **13−31316**

# Order of Discharge

**12/15**

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Richard Paul Thompson    Christine Blouin Thompson

The Chapter 13 Trustee's Report and Account and the Notice of Final Cure Payment pursuant to Federal Rule of Bankruptcy Procedure 3002.1(f) having been filed, sufficient notice having been provided, no objections having been timely filed or any such objection(s) having been overruled, and the Motion for Entry of Discharge having been allowed:

**the Court FINDS AND RULES that:**

1. the debtor(s) is (are) entitled to a discharge pursuant to 11 U.S.C. §1328(a);
2. all allowed claims have been fully paid in accordance with the provisions of the confirmed plan; and
3. with respect to any claims secured by a security interest in the debtor's principal residence, any prepetition or postpetition defaults have been cured and such claims are in all respect current, with no escrow balance, late charges, costs, or attorney's fees owing.

Accordingly, it is **ORDERED,** pursuant to 11 U.S.C. §§ 1328(a) and 105(a) and Massachusetts Local Bankruptcy Rule 13−22, that:

1. the debtor(s) is (are) granted a discharge under 11 U.S.C. § 1328(a);
2. creditors who held secured claims which were fully paid pursuant to the provisions of the confirmed plan shall execute and deliver to the debtor(s) a release or other discharge certificate suitable for recording; and
3. creditors who hold secured claims which continue beyond the term of the plan shall take no action inconsistent with the findings and rulings made above.

3/24/17

**By the court:** Elizabeth D. Katz
United States Bankruptcy Judge

**For more information, see page 2 >**

## Explanation of Bankruptcy Discharge in a Chapter 13 Case

This court grants a discharge to the person named as the debtor after the debtor has completed all payments under the chapter 13 plan. This order does not dismiss the case.

### Debts that Are Discharged

The chapter 13 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt is provided for by the chapter 13 plan or is disallowed by the court pursuant to section 502 of the Bankruptcy Code.

### Debts that Are Not Discharged

Some of the common types of debts which are not eliminated by a chapter 13 bankruptcy case are:

- ♦ Debts that are domestic support obligations;
- ♦ Debts for most student loans;
- ♦ Debts for most fines, penalties, forfeitures, or criminal restitution obligations;
- ♦ Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;
- ♦ Debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual;
- ♦ Debts provided for under § 1322(b)(5) of the Bankruptcy Code and on which the last payment is due after the date on which the final payment under the plan was due;
- ♦ Debts for certain consumer purchases made after the bankruptcy case was filed if prior approval by the trustee of the debtor's incurring the debt was practicable but was not obtained;
- ♦ Debts for certain taxes to the extent not paid in full under the plan; and
- ♦ Some debts which the debtors did not properly list.

### Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor.

*[ In a case involving community property: There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.]*

A creditor who violates this order can be required to pay damages and attorney's fees to the debtor. However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**